MINNIE BARTOLOTTA, Plaintiff, *v.* HECHT COMPANY, Defendant.

City Court of the City of New York, Special Term, New York County, January 8, 1947.

*Amerling and Angell* for defendant.

*Jacob S. Schneider* for plaintiff.

KAHN, J. Motion to dismiss complaint for insufficiency is denied.

It is true that this is a most inartistic and barely adequate complaint, but read as favorably to the pleader as possible, enough is shown to make out a case of abuse of process. It is alleged in substance (1) that plaintiff was told by or on behalf of defendant to disregard the summons and complaint which defendant had caused to be served on plaintiff; (2) that she thereafter paid her debt to the defendant in full; (3) that notwithstanding the afore-mentioned facts defendant entered judgment against plaintiff, inferably, though this is not specifically stated, by default and without notice to plaintiff; (4) that defendant then caused to be issued a garnishee execution against plaintiff's salary and served the same upon plaintiff's employer; (5) that plaintiff was compelled to pay a sum of money, inferably, though this is not specifically stated, to get rid of

the garnishee execution. It may be inferred that the service of the garnishee execution upon plaintiff's employer, in consequence of which plaintiff was compelled to either stand deductions from her salary or pay money to plaintiff which she did not owe, was an abuse of process resulting in damage to plaintiff, the damage being the money she paid, to wit, $23.28, money which she was forced to pay because defendant had served the garnishee execution, although she was not indebted to defendant, the judgment having been fully paid. More especially would these alleged facts constitute an abuse of process if defendant entered a judgment without notice to plaintiff, after having told plaintiff to disregard the summons, so that plaintiff first knew about the judgment against her when her employer was served with the garnishee execution. I do not believe that plaintiff can recover any damages for humiliation or for becoming "sick". Humiliation or illness is not damage to property, and plaintiff cannot recover for personal injuries as her person was not interfered with at all. However, a demand for improper damages does not render the complaint insufficient as some damage ($23.28) has been shown. I do not make a determination intended to be binding at the trial, as it is not necessary for me to do so now, as to whether humiliation or "sickness" are proper elements of damage in this action for abuse of process.

Defendant may serve its answer within six days after service upon its attorney of a copy of this order with notice of entry.